UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CRAIG WASHINGTON and NORKA WASHINGTON,

                                   Plaintiffs,        **COMPLAINT**

          -against-

THE CITY OF NEW YORK and P.O.s JOHN and JANE        05 Civ. 8884 (LAP)
DOE #1-30, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true    **JURY TRIAL DEMANDED**
names are presently unknown),

                                   Defendants.

------------------------------------------------------------------------X

       Plaintiffs CRAIG WASHINGTON and NORKA WASHINGTON, by their attorney, ROSE M. WEBER, complaining of the defendants, respectfully allege as follows:

**PRELIMINARY STATEMENT**

       1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

       2.    Plaintiff CRAIG WASHINGTON also brings this action to remedy unlawful retaliation based upon his having engaged in activities protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a ("Title VII").

       3.    Plaintiffs seek compensatory and punitive damages and other appropriate legal and equitable relief.

## JURISDICTION

4. The civil rights claims are brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

5. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

6. In addition, plaintiff CRAIG WASHINGTON filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about April 25, 2005, complaining of the acts of retaliation alleged herein.

7. On or about July 22, 2005, the EEOC issued a notice informing plaintiff CRAIG WASHINGTON of his right to sue defendants in federal court. This action has been commenced within 90 days of receipt of this notice. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII.

8. Jurisdiction of this Court over the retaliation claim is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

## VENUE

9. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the in which the claim arose and the unlawful practices occurred.

## JURY DEMAND

10. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

11. Plaintiff CRAIG WASHINGTON is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

12. Plaintiff CRAIG WASHINGTON was, at all relevant times, a detective employed by the New York City Police Department and defendant THE CITY OF NEW YORK.

13. Plaintiff NORKA WASHINGTON is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

14. Plaintiffs CRAIG WASHINGTON and NORKA WASHINGTON are husband and wife.

15. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

16. Defendant THE CITY OF NEW YORK is an employer within the meaning of Title VII.

17. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

18. That at all times hereinafter mentioned, the individually named defendants P.O.s JOHN and JANE DOE #1-30 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

19. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

20. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

21. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTUAL ALLEGATIONS

22. On July 20, 2004, at approximately 4:30 p.m., plaintiff NORKA WASHINGTON accompanied her husband to the 49th Precinct of the New York City Police Department, in Bronx, New York.

23. Thereafter, plaintiff NORKA WASHINGTON repeatedly asked to be allowed to leave the precinct.

24. Despite plaintiff NORKA WASHINGTON's repeated requests, she was not permitted to leave the precinct until approximately 2:00 a.m. on July 21, 2004.

25. On July 21, 2004, at approximately 8:00 p.m., plaintiff CRAIG WASHINGTON was lawfully present in Apartment 2D of the premises known as 788 Arnow Avenue, in the County of Bronx, in the City and State of New York.

26. At aforesaid time and place, defendants handcuffed plaintiff CRAIG WASHINGTON and placed him under arrest, despite defendants' knowledge that they lacked probable cause to do so.

27. Upon information and belief, plaintiff CRAIG WASHINGTON's neighbors saw him being taken out of the building in handcuffs.

28. Plaintiff CRAIG WASHINGTON was transported to the 49th Precinct of the New York City Police Department, in Bronx, New York, and from there to Bronx Central Booking.

29. Plaintiff CRAIG WASHINGTON was held and detained in police custody for approximately twenty hours.

30. Defendants initiated criminal proceedings against plaintiff CRAIG WASHINGTON despite defendants' knowledge that they lacked probable cause to do so.

31. On or about September 1, 2004, a Grand Jury refused to return a True Bill, resulting in the dismissal of all criminal charges against plaintiff CRAIG WASHINGTON.

32. Following the dismissal of the criminal charges, defendants brought departmental charges against plaintiff CRAIG WASHINGTON, despite defendants' knowledge that there was no basis for the charges.

33. The departmental charges were determined to be unfounded.

34. Defendants nonetheless suspended plaintiff CRAIG WASHINGTON from work for forty-four days without pay.

35. All of the foregoing actions were taken by defendants in retaliation for plaintiff CRAIG WASHINGTON having filed Charge No. 160200401761 with the EEOC in January of 2004, alleging racial discrimination.

36. As a result of the foregoing, plaintiffs sustained, *inter alia*, economic losses, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of their constitutional rights.

**FIRST CLAIM FOR RELIEF**
**<u>DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983</u>**

37. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "36" with the same force and effect as if fully set forth herein.

38. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

39. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

43. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. As a result of the aforesaid conduct by defendants, plaintiffs were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

45. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

46. Plaintiff CRAIG WASHINGTON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants misrepresented and falsified evidence before the District Attorney.

48. Defendants did not make a complete and full statement of facts to the District Attorney.

49. Defendants withheld exculpatory evidence from the District Attorney.

50. Defendants misrepresented and falsified evidence before the Grand Jury.

51. Defendants did not make a complete and full statement of facts to the Grand Jury.

52. Defendants withheld exculpatory evidence from the Grand Jury.

53. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff CRAIG WASHINGTON.

54. Defendants lacked probable cause to initiate criminal proceedings against plaintiff CRAIG WASHINGTON.

55. Defendants acted with malice in initiating criminal proceedings against plaintiff CRAIG WASHINGTON.

56. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff CRAIG WASHINGTON.

57. Defendants lacked probable cause to continue criminal proceedings against plaintiff CRAIG WASHINGTON.

58. Defendants acted with malice in continuing criminal proceedings against plaintiff CRAIG WASHINGTON.

59. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

60. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff CRAIG WASHINGTON's favor on or about September 1,

2004, when a Grand Jury refused to return a True Bill, resulting in the dismissal of all criminal charges against plaintiff.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

61.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Defendants issued legal process to place plaintiffs under arrest.

63.     Defendants arrested plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process.

64.     Defendants acted with intent to do harm to plaintiffs without excuse or justification.

### FIFTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

65.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

67.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, retaliating against police officers who accuse NYPD of discrimination.

68.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

71. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were unlawfully arrested and detained.

72. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

## SIXTH CAUSE OF ACTION
## TITLE VII

73. Plaintiff CRAIG WASHINGTON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. By all of the aforementioned acts and practices, defendants have retaliated against plaintiff CRAIG WASHINGTON for his opposition to unlawful employment practices, in violation of Title VII.

75. By all of the aforementioned acts and practices, defendants have retaliated against plaintiff CRAIG WASHINGTON for filing a charge with the EEOC, in violation of Title VII.

76. Defendants knew that their actions constituted unlawful retaliation and/or acted with malice and/or showed reckless disregard for plaintiff CRAIG WASHINGTON's statutorily-protected rights.

77. As a result of defendants' unlawful actions, plaintiff CRAIG WASHINGTON has suffered and continues to suffer economic losses, mental anguish, emotional distress and other compensable injuries.

78. All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To be free from malicious abuse of process;

    E. To be free from unlawful retaliation;

    F. Not to have cruel and unusual punishment imposed upon them; and

    G. To receive equal protection under the law.

79. As a result of the foregoing, plaintiff CRAIG WASHINGTON is entitled to compensatory damages in the sum of ten million dollars ($10,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of ten million dollars ($10,000,000.00), and plaintiff NORKA WASHINGTON is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00)

**WHEREFORE**, plaintiffs CRAIG WASHINGTON and NORKA WASHINGTON respectfully request that this Court enter a judgment:

    a. declaring the acts and practices complained of herein to be violations of Title VII;

    b. enjoining and permanently restraining these violations of Title VII;

    c. directing defendants to take such affirmative action as is necessary to ensure that

the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment opportunities;

  d. directing defendants to place plaintiff in the position he would be in but for defendants' retaliatory actions, and to make him whole for all earnings he would have received but for defendants' retaliatory actions, including, but not limited to, wages, bonuses, pension, and other lost benefits, and interest thereon;

  e. directing defendants to pay plaintiffs compensatory damages and damages for their mental anguish, emotional distress, pain and suffering, humiliation, and damage to reputation;

  f. directing defendants to pay plaintiffs an additional amount as punitive damages;

  g. awarding plaintiffs the costs of this action together with reasonable attorneys' fees and interest; and

  h. awarding such other and further relief as the Court deems necessary and proper.

Dated: New York, New York
   October 19, 2005

                _____/s_____
                ROSE M. WEBER (RW 0515)
                225 Broadway, Suite 1608
                New York, NY 10007
                (212) 748-3355